Rosa Virginia ARTUNDUAGA; Carlos Ivan Cuaraca; Alejandro Cuaraca, Petitioners,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–73469.

Agency Nos. A79–092–312, A79–092–313, A79–092–314.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 17, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gary Finn, Esq., Attorney at Law, Indio, CA, for Petitioners.

Regional Counsel, Western Region, Laguna Niguel, CA, CAS—District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Leslie McKay, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM ***

Rosa Virginia Artunduaga and her two sons, Carlos Ivan Cuaraca and Alejandro Cuaraca, natives and citizens of Colombia, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence and may reverse only

if the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the IJ's finding that Artunduaga failed to establish past persecution or a well-founded fear of future persecution. Although Artunduaga testified that she received threatening phone calls and notes, because she could not identify who sent the notes or why they were sent, or who the callers were, and she offered no evidence showing that any mistreatment occurred based on an enumerated ground, substantial evidence supports the denial of asylum. *See id.* at 481–82, 112 S.Ct. 812 (holding that guerrilla group's attempt to recruit alien did not establish persecution based on political opinion); *Molina–Estrada v. INS,* 293 F.3d 1089, 1094–95 (9th Cir.2002) (holding that alien must demonstrate that the persecutors imputed a political opinion to him and that there was no evidence showing that guerrillas attacked alien's home based on political opinion).

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999).

Because petitioners do not challenge the IJ's denial of CAT relief in their opening brief, the claim is waived. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.